# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

| | |
|---|---|
| **Pronghorn Development, Ltd.,** a Wyoming Limited Liability Company, | ) ) ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. 03-3004-CV-S-ODS ) ) |
| **The National Auction Group, Inc.,** | ) ) |
| **Defendant.** | ) |

### PLAINTIFF'S SEPARATE STATUS REPORT AND RESPONSE TO SHOW CAUSE ORDER

COMES NOW plaintiff, by undersigned counsel, and submits the following response to this court's order of March 17, 2004 (Document #22):

1. The court sustained defendant's motion to stay and compel arbitration. (Document #20).

2. Subsequent to the above stay order, on several occasions, your undersigned plaintiff's counsel has communicated with defense Attorney Jason Brown via e-mail, telephone calls and letter concerning the need to confer about scheduling arbitration and also the possibility of informal settlement negotiations.

3. Although Mr. Brown has always been the model of professional courtesy, he has communicated to the undersigned that his client, defendant herein, was not responding to his communications.

4. That Mr. Brown finally advised the undersigned that his client was still not responding to him, and that he would have to withdraw. This conversation was promptly followed by Mr. Brown's motion to withdraw as attorney of record for defendant.

5. Thereafter, the undersigned placed a telephone call to Attorney Noel A. Sevastianos. As Mr. Sevastianos was not in his office, the undersigned left a message on the voice mail requesting Mr. Sevastianos to return the call as soon as possible. The call was not returned but was followed by Mr. Sevastianos' motion to withdraw as the remaining counsel of record for defendant.

6. Although plaintiff's counsel acknowledges that he should have filed a separate status report on behalf of plaintiff, he has made reasonable efforts to communicate with defense counsel for the purpose of scheduling the court-ordered arbitration. Those efforts have not been productive because of defendant's failure to respond, not because of inaction on the part of plaintiff.

7. Because of the foregoing, plaintiff requests alternatively that (a) the court appoint an arbitrator, lay down the ground rules of arbitration and a time frame in which it shall take place, or (b) that the court set aside the arbitration order (Document #20) and put the case back on the regular docket for processing toward trial.

BRILL, MOORE & WAGONER, P.C.
204 W. Main Street
P.O. Box 527
West Plains, MO 65775
Telephone: 417-256-6174
FAX: 417-256-0928
Attorneys for Plaintiff

By:    /s/ Richard D. Moore
      Richard D. Moore   #20946